De Larm v. Van Camp.

ISOM H. DE LARM, APPELLANT, v. VICTOR VAN CAMP, COUNTY CLERK, ET AL., APPELLEES.

FILED OCTOBER 30, 1915. No. 19120.

1. **County Commissioners: TERM OF OFFICE.** By the act of 1913 (Laws 1913, ch. 149, sec. 17, Rev. St. 1913, sec. 1955) it is provided that in counties having three commissioners two should be elected in 1914 for a term of four years and one in 1916 for a term of four years.

2. **———: TIME OF ELECTION.** The said act was a legislative construction of former conflicting statutes, and establishes that subsequent to the act of 1905 (Laws 1905, ch. 46) and the amendment of the Constitution (Const., art. XVI, sec. 13) no valid election could be held in such counties in the odd numbered years. *State v. Mc-Farland, ante*, pp. 198, 854.

APPEAL from the district court for Boone county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*H. C. Vail*, for appellant.

*Albert & Wagner*, contra.

SEDGWICK, J.

The relator brought this action in the district court for Boone county to restrain the county clerk from issuing respondent Tisthammer's certificate of election as county commissioner for the third district of Boone county, and to restrain the other county commissioners from recogniz-

ing respondent as a member of the board. The district court refused the injunction and dismissed the suit. Relator has appealed.

The principal questions presented in this case are decided in *State v. McFarland, ante,* pp. 198, 854. By the statute of 1905 the term was established at four years, and by the constitutional amendment the election must be on the even years. Considering the statute in the light of the constitutional amendment, the official term of four years would begin in January, after the election of 1906. Mr. Berg was holding the office in 1906, and until January, 1907, must be regarded as filling the term that expired at that time. From January, 1907, he must be considered as holding over into that term; he held over until January, 1909. The relator then took the office and held it for the remainder of the legal term, which ended January, 1911. He also held over for a part of the legal term which ended January, 1915. At the general election of 1914 the respondent Tisthammer was elected for the legal term beginning January, 1915, and was entitled to hold the office for that term, ending January, 1919. The court did right, and it is not necessary to determine whether in such case injunction is the proper remedy.

The judgment of the district court is

AFFIRMED.

HAMER, J., not sitting.