MICHAEL CAVEY, APPELLEE, v. THOMAS REIGLE, APPELLANT.

FILED NOVEMBER 17, 1917.    No. 20202.

1. Counties: COMMISSIONERS: ELECTION. In a county having three commissioner districts, if the full term for which the commissioner in one district was elected would expire in or before January, 1917, his successor should have been elected in the 1916 election, if two commissioners had been elected in 1914 and duly qualified and were holding the office.

2. ————: ————: TERM. In such counties the official term fixed by the statute is four years from January, 1915, for two ccmmissioners, and four years from January, 1917, for one commissioner, and succeeding terms will be for four years from the end of the terms which precede them.

APPEAL from the district court for Boone county: FREDERICK W. BUTTON, JUDGE. *Reversed and dismissed.*

*A. E. Garten, O. M. Needham* and *Prince & Prince,* for appellant.

*Albert & Wagner* and *Vail & Flory, contra.*

SEDGWICK, J.

The plaintiff Cavey was elected to the office of county commissioner for the first commissioner district of Boone county in the year 1912, and took the office in the following January. Boone county is not under township organization and has three commissioner districts. The defendant Reigle was elected county commissioner for that district at the election in 1916, and duly qualified and claimed the right to hold that office for the term beginning in January, 1917. The other defendants are the two remaining county commissioners, and the plaintiff brought this action in the district court for Boone county to restrain the defendant Reigle "from presenting himself before the commissioners of the said county as a member of said board, from taking or attempting to take his seat as a member thereof, and from discharging or attempting to discharge any of the duties of the said office," and to restrain the other commissioners "from recognizing the said Reigle as a member of said board, and from allowing or permitting him to exercise any of the powers or functions as a member thereof." The district court found the issues in favor of the plaintiff and entered decree as prayed. The defendant Reigle has appealed.

The plaintiff contends in the brief that his official term began in 1915, and that the election of 1916 is invalid; that the term for which he was elected was by the force of the statute extended for four full years, so that he held by right until January, 1919. In *De Larm v. Van Camp,* 98 Neb. 857, it was said: "Mr. Berg was holding the office in 1906, and until January, 1907, must be regarded as filling the term that expired at that time. From January, 1907, he must be considered as holding over into that term." It was not said that his term was extended, as the relator now construes that language. This theory is derived from a construction of the former terms of the commissioners in

the three districts, respectively. The trial court, in a carefully prepared opinion, says: "The question then is, which two districts should have elected commissioners in 1914, and which district should have elected a commissioner in the year 1916? Very obviously this must be told by going back to the expiration of the respective terms of office subsequent to the legislation of 1905"—and concludes that in district No. 1 and in one of the other districts the term was from January, 1915, to January, 1919, and the election should have been held in 1914, and therefore no election could be held for those districts in 1916. And although for both districts No. 2 and No. 3 commissioners were elected in 1914, he concludes that they could not have been elected for the full term because of the former terms for which commissioners were elected in those districts. In *State v. McFarland,* 98 Neb. 854, the provision of the act of 1913 (Rev. St. 1913, sec. 1955), fixing the terms of commissioners at four years, is quoted, and it is said: "This change expressed the legislative construction of the former conflicting statutes, and two commissioners should have been elected in Madison county in 1914." And in *State v. Smith,* 102 Neb. —, the effect of this change in the law is further considered, and it was held: "To comply with the constitutional provision that elections shall be on the even-numbered years, the legislature has fixed the term of county commissioners at four years and named the specific years that shall constitute such terms hereafter." So that, whatever may have been the former practice, the terms of two commissioners began in 1915, and, if two were elected in 1914, the third should be elected in 1916. This plaintiff having been elected in 1912, he must be considered to have been elected for the remainder of the term which expired in January 1916, and from that time was holding for the term for which he was elected; so that his successor was properly elected in 1916 for the term commencing January, 1917. As the defendant Reigle was elected for that term commencing in 1917, he is entitled to the office, and the judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.